Before IVINS, KORNER, and MARQUETTE.

From the allegations of the petition and the admissions of the Commissioner the Board makes the following

### FINDINGS OF FACT.

The taxpayer paid an income tax to the Canadian Government in 1920 in the sum of $764.40, Canadian money, and he claimed a credit of $764.40 in the computation of his United States income tax for that year. The Commissioner reduced the credit to $670.13, being the value in United States money of $764.40 Canadian money at the time the Canadian tax was paid, this figure being based upon an exchange rate of $0.87667, and determined a deficiency in accordance with the disallowance of credit.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

IVINS: The taxpayer has been misled by the fact that the units of Canadian and American currency are both designated as dollars, and that in normal times they both represent the same amount of gold, with a result that exchange is ordinarily at par. But during the war and for some time thereafter, Canadian currency was at a discount, and when the taxpayer paid to the Canadian Government $764.40 in Canadian money, he only reduced his assets to the extent of $670.13 in American money. If the payment to the Canadian Government had been in pounds sterling, in francs, or in yen, it would be perfectly obvious that the credit permissible against American taxes would be the value in United States dollars of the number of pounds, francs, or yen paid at the time of payment, and the same is equally true with respect to any other foreign currency, even though it happened to be designated "dollar" and have a par value identical with that of the United States dollar.

---

## Appeal of SIMON EPSTEIN.          Docket No. 774.

Submitted January 22, 1925; decided January 30, 1925.

Henry Brach, C. P. A., for the taxpayer.
*Laurence Graves, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before STERNHAGEN, TRAMMELL, and TRUSSELL.

The taxpayer in this case has appealed from a proposed additional assessment of income tax for the year 1920 in the amount of $660.57.

At the hearing of the appeal before the Board on January 22, 1925, the motion of counsel for the Commissioner for leave to file an amended answer was granted. The amended answer admits that the deficiency of $660.57 set forth in the Commissioner's deficiency letter was improperly determined.

Counsel for the Commissioner filed a stipulation wherein it was agreed with counsel for the taxpayer that the taxpayer's deficiency in tax is $120.81.

DECISION.

The Board determines that the deficiency for the year 1920 is $120.81.

---

Appeal of MARYLAND CAR WHEEL COMPANY.      Docket No. 534.

Submitted January 22, 1925; decided January 30, 1925.

*Harry Schwartz, Esq.*, for the taxpayer.
*Laurence Graves, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before STERNHAGEN, TRAMMELL, and TRUSSELL.

This is an appeal from a proposed additional assessment of corporation income and profits taxes for the years 1918 and 1919 in the amount of $19,092.73.

The appeal was called for hearing before the Board on December 16, 1924, when by consent of counsel the hearing was continued until January 22, 1925, in order to give the Commissioner and the taxpayer opportunity to agree upon the amount of the deficiency.

At the final hearing of the appeal on January 22, 1925, leave was granted counsel for the Commissioner to file an amended answer. The amended answer admits that the deficiency of $19,092.73 was improperly determined.

Counsel for the Commissioner submitted a stipulation wherein it is agreed with counsel for the taxpayer that the taxpayer's deficiency in tax is as follows:

For 1918_____ $234.08
For 1919_____ 6,378.93

DECISION.

The Board determines that the deficiency is, for 1918, $234.08; for 1919, $6,378.93.

---

Appeal of O. W. RETHORST.      Docket No. 221.

Section 213(b) (8) of the Revenue Act of 1918, which provides for a $3,500 exemption for those in the military and naval forces, is repealed by section 1400 (a) of the Revenue Act of 1921, as of January 1, 1921, and a soldier is not entitled to exemption for salary received between January 1, 1921, and March 3, 1921, the date on which the World War was declared at an end by Act of Congress.

Submitted December 3, 1924; decided January 30, 1925.

Mr. O. W. Rethorst, the taxpayer, in his own behalf.

*Willis D. Nance, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.